# IN THE COURT OF APPEALS OF IOWA

No. 17-0353
Filed February 7, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LAWRENCE LEVELL HARMON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Christine Dalton Ploof (plea), and Cheryl Traum (sentencing), District Associate Judges.

        Lawrence Harmon appeals from his conviction by guilty plea to driving while barred as a habitual offender. **AFFIRMED.**

        Thomas A. Hurd of Glazebrook & Hurd, LLP, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Darrel L. Mullins, Assistant Attorney General, for appellee.

        Considered by Danilson, C.J., and Doyle and Mullins, JJ.

**DANILSON, Chief Judge.**

Lawrence Harmon appeals from his conviction after entering a written guilty plea to driving while barred as a habitual offender, in violation of Iowa Code sections 321.555 and .561 (2016). Harmon maintains there is not a factual basis for the plea because the record does not sufficiently establish the prior offenses giving rise to Harmon's habitual-offender status and because the State did not show Harmon was represented by counsel or validly waived counsel during the prior offenses. Harmon asserts defense counsel rendered ineffective assistance of counsel in failing to file a motion in arrest of judgment to challenge the deficiencies. We conclude the record contains a factual basis for the plea and, thus, defense counsel did not render ineffective assistance. Harmon's remaining claim is an improper collateral attack and has no merit.

On January 17, 2017, Harmon entered a written guilty plea to driving while barred as a habitual offender. The written plea provided:

> By pleading guilty, I am admitting that there is a factual basis for the charge(s), and admitting that at the time and place charged in the Trial Information I was in actual physical control of a motor vehicle at a time when my license had been barred for being a[] habitual offender.

In a January 20, 2017 order, the trial court accepted Harmon's guilty plea. After a hearing held February 17, 2017, the court sentenced Harmon to a two-year suspended term of incarceration and ordered Harmon to pay a fine plus costs and surcharge. Harmon now appeals.

We review claims of ineffective assistance of counsel de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). To establish his ineffective-assistance-of-counsel claim, Harmon must show by a preponderance of the

evidence both that "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *Id.*

**1) Factual Basis for Prior Offenses.** Harmon contends there was no factual basis to establish his prior offenses and to show he fell within the definition of a habitual offender under Iowa Code section 321.555. Section 321.561 provides, "It shall be unlawful for any person found to be a habitual offender to operate any motor vehicle in this state during the period of time specified in section 321.560 . . . ." Section 31.555(1)(c) defines a "habitual offender" as a person who has accumulated three or more separate and distinct convictions for "[d]riving a motor vehicle while the person's license is suspended, denied, revoked, or barred."

To discern whether there was a factual basis supporting the guilty plea, we look to the record as a whole. *State v. Ortiz*, 789 N.W.2d 761, 767-68 (Iowa 2010). "[W]e have held the record does not need to show the totality of evidence necessary to support a guilty conviction, but it need only demonstrate facts that support the offense." *Id.*

However, the reason why the department of transportation (DOT) issued a bar as a habitual offender of Harmon's license is not an element of the offense of driving while barred. *See State v. Williams*, No. 16-0894, 2017 WL 3524729, at *3 (Iowa Ct. App. Aug. 16, 2017). This court addressed the elements of the offense of driving while barred in *Williams*, where the majority and dissent agreed there are only two elements to the offense (1) operating a motor vehicle and (2)

at that time, the operator's license was barred.[1]  *Id.*  Here, the minutes of testimony allege Harmon's license was barred from October 15, 2013, to October 17, 2017.  The minutes also reflect the officer found Harmon sitting in his vehicle with the engine running on February 15, 2016, and there was snow on the top of his tires "as if it had just arrived" at the location.[2]  Further, Harmon admitted in the written guilty plea that he was operating a motor vehicle when his "license had been barred for being a[] habitual offender."  This evidence provides a sufficient factual basis for the guilty plea, and defense counsel did not fail to perform an essential duty by failing to challenge such defect in a motion in arrest of judgment.  *See State v. Graves*, 668 N.W.2d 860, 881 (Iowa 2003) ("Trial counsel has no duty to raise an issue that has no merit.").

*2) Representation During Prior Convictions.*  Harmon also asserts defense counsel was ineffective in failing to challenge the factual basis for the guilty plea on the basis the record does not establish Harmon was represented or properly waived representation of counsel during the underlying convictions giving rise to his habitual-offender status.  Harmon argues trial counsel should have filed a motion in arrest of judgment because "no showing was made that he was not entitled to, was provided, or waived counsel for the underlying offenses leading to the finding he was a habitual offender."  We disagree.  Such a challenge would constitute a collateral attack on the decision of the DOT.  *See*

---

[1] The dissent simply concluded that to prove the person's license was barred at the time of driving the vehicle there must be proof the DOT issued an order by properly mailing notice of the barment to the defendant.

[2] Moreover the minutes include a statement from the custodian of drivers' records indicating "an examination of [Harmon]'s records disclosed that the Iowa Driver's License of [Harmon] was revoked and/or suspended on 10/15/13, 1/24/02, 4/7/03, 6/30/04, 10/7/05, 12/12/07, 1/19/11, 1/20/11, 11/5/11."

*State v. Clark*, 608 N.W.2d 5, 8-9 (Iowa 2000). Harmon's claim of being unrepresented was an issue he could have raised in an administrative proceeding afforded to him to challenge the bar of his license. *See* Iowa Code § 321.560(1), (2); *Clark*, 608 N.W.2d at 8.

We find the record establishes a factual basis showing Harmon's underlying convictions giving rise to his habitual-offender status and, therefore, conclude defense counsel did not breach an essential duty by failing to challenge such a defect in the guilty plea. There is no merit to any other issue raised.

**AFFIRMED.**